(107 So. 42)

### FAGAN v. STATE. (8 Div. 351.)

(Court of Appeals of Alabama. Feb. 9, 1926.)

Criminal law ⬳363.

Testimony of qualified witness as to kind of still accused had *held* admissible as res gestæ.

Appeal from Circuit Court, Limestone County; J. E. Horton, Judge.

William Fagan was convicted of manufacturing prohibited liquors and possessing a still, and he appeals. Affirmed.

J. G. Rankin, of Athens, for appellant.
Harwell G. Davis, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J. The affirmative charge was requested to the first count, also the second count, of the indictment. These charges were properly refused by the court. Under the undisputed evidence in this case, the defendant not having offered any evidence, the affirmative charge in behalf of the state would have been more in point. There was ample evidence adduced upon this trial to warrant and justify the verdict of "guilty as charged," returned by the jury. Aside from the refusal of the affirmative charges, this appeal rests upon several rulings of the court upon the admission of evidence.

The first exception noted: The solicitor asked state witness Gilbert, who had testified to having found the still in question, "What kind of a still?" He replied, "A 120-gallon copper still." The exceptions reserved in this connection have no merit. It was not only permissible, but proper, for the state to show the kind and character of the still. It was of the res gestæ. This witness testified that he was familiar with stills, and that "he had seen 100 or 200 stills," and was therefore competent to testify that the still here was a complete still, which he did without objection. What has been said above applies also to

the exception reserved to the ruling of the court upon the testimony of state witness James Clem.

A sufficient predicate was laid for the introduction of the statement made by defendant in the nature of a confession. The predicate for the admission met the required rule.

This disposes of all the questions presented for our consideration, and, as the record proper is without error also, the judgment of conviction in the circuit court is affirmed.

Affirmed.